TIMOTHY ELDER (CA BAR NO. 277152)
ANNA R. LEVINE (CA BAR NO. 227881)
**TRE Legal Practice**
1155 Market Street, 10th Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com
alevine@trelegal.com

Attorneys for Plaintiff.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FORBES,<br><br>    Plaintiff,<br><br>    v.<br><br>HUMBOLDT COUNTY,<br><br>    Defendant. | Case No. _____,<br><br>**COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12111-12117 AND 42 U.S.C. § 12203(a), AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE § 12940**<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. James Forbes, who is blind, brings this action against Humboldt County ("Defendant"), because the Humboldt County Department of Health and Human Services discriminated against him on the basis of his disability.

2. Because of Mr. Forbes's disability, Defendant denied him effective and available reasonable accommodations, terminated him from an appropriate paid internship designed to prepare him for hire, and then reinstated him into an inferior paid internship that would not prepare him for hire.

3. Following Mr. Forbes's paid internship, Defendant refused to hire him for at least two Social Worker IV positions for which he applied and was qualified, because of Mr. Forbes's disability.

4. Instead, Defendant hired two less qualified applicants for the positions for which Mr. Forbes applied.

5. Defendant instead hired at least two less-qualified applicants for the positions of Social Worker IV instead of Mr. Forbes.

6. Defendant also retaliated against Mr. Forbes for engaging in protected activity when it terminated him and then reinstated him into an inferior paid internship and refused to hire him for the second Social Worker IV position.

7. Mr. Forbes filed two complaints with the U.S. Equal Opportunity Commission ("EEOC"), which investigated and issued a determination letter finding "reasonable cause" to believe Defendant discriminated against Mr. Forbes on the basis of his disability and retaliated against him for engaging in protected activity.

8. Following an unsuccessful conciliation by the EEOC, and subsequent investigation by the U.S. Department of Justice, Mr. Forbes requested and obtained a notice of right to sue dated June 5, 2019.

## II. JURISDICTION

9. This is primarily an action for damages pursuant to the federal Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117 and 42 U.S.C. § 12203(a).

This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's pendent state claims for damages under the California FEHA.

### III. VENUE

11. Pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c), venue is proper in the District in which this Complaint is filed because Defendant's discriminatory conduct occurred within this District.

### IV. PARTIES

12. Plaintiff James Forbes became blind in 2002. His medical condition substantially limits his major life activity of seeing. Mr. Forbes resides in Eureka, California. Since 2014, he has worked for the California Department of Rehabilitation as a Vocational Rehabilitation Counselor.

13. Defendant Humboldt County is responsible for its department, the Humboldt County Department of Health & Human Services ("Humboldt DHHS"), which is headquartered at 507 F St in Eureka, California. Humboldt DHHS administers social service programs in Humboldt County, receives both state and federal financial assistance, and is an employer of approximately 1,000 people.

### V. ADMINISTRATIVE PROCEDURES

14. Plaintiff James Forbes filed a first Charge of Discrimination against Defendant with the EEOC on November 21, 2011. Pursuant to the standard work-sharing agreement between the EEOC and the California Department of Fair Employment and Housing ("DFEH"), the Charge was cross-filed with DFEH.

15. Plaintiff James Forbes filed a second Charge of Discrimination on May 6, 2013. As with the 2011 Charge, it was also cross-filed with DFEH.

16. The EEOC conducted investigations of both Charges that concluded in a "reasonable cause" determination by the EEOC on August 12, 2014.

17. Specifically, the EEOC determined that "the evidence indicates that there is

reasonable cause to believe that [Defendant] removed [Mr. Forbes], a qualified individual with a disability, from an effective internship assignment and placed him in an internship assignment designed to make him less hirable than similarly situated interns without disabilities, and subsequently failed to hire [Mr. Forbes], because of his disability."

18. The EEOC further found that "In addition, [Defendant] denied [Mr. Forbes] an effective and available reasonable accommodation during his paid internship and during the second selection process."

19. In addition, the EEOC found that "the evidence also indicates that, because of [Mr. Forbes'] tenacity in requesting reasonable accommodation and after learning from an outside sources that the necessary reasonable accommodation could be made, [Defendant] retaliated against [Mr. Forbes] by removing him from an effective internship assignment and placing him in an internship assignment designed to make him less hirable."

20. Finally, the EEOC determined that "the evidence indicates that, because [Mr. Forbes] requested reasonable accommodation[s], and because he filed his 2011 charge, [Defendant] further retaliated against [Mr. Forbes] by denying him reasonable accommodation[s] during the second interview process and failed to hire him."

21. The EEOC found that "all of these actions were taken in violation of the statute."

22. Beginning in December of 2014, the EEOC attempted conciliation to resolve the matter. The attempt was unsuccessful.

23. In 2015, Plaintiff was informed that the U.S. Department of Justice was taking over the case, but never received information on the outcome of that process.

24. In 2019, Mr. Forbes contacted the Department of Justice again to request an update on the investigation. Plaintiff then requested a right-to-sue letter, which the U.S. Department of Justice issued on June 5, 2019.

## VI. FACTS

25. Mr. Forbes became blind in 2002. Afterwards, while seeking to retrain for a new career, he entered a Master's program in social work at Humboldt State University.

26. During his program, Mr. Forbes applied to pursue an internship with Defendant's Child Welfare Services Department.

27. Defendant had, at the time of Mr. Forbes's application, an agreement with Humboldt State University to take roughly a half dozen student interns. Interns were matched with Social Workers who acted as mentors.

28. Defendant accepted Mr. Forbes into a year-long internship program beginning in the fall of 2010.

29. Student interns typically gain experience in certain core programs. Core programs provide interns with experience in mandate social work tasks such as assessment and related experience such as in use of the Child Welfare Services Case Management System Statewide Database ("CWS/CMS") and in team decision-making meetings. When interns and employees take calls and conduct assessments, all necessary forms are in the computer in the CWS/CMS database. Team decision-making meetings are a typical part of assessing meetings. In interviews for permanent positions, Defendant judges candidates based in part on skills developed through core program experience, such as familiarity with CWS/CMS and team decision-making meetings.

30. Emergency Response, which includes screening and intake, is a core program. Student interns typically started in Emergency Response in their first semester. Emergency Response includes extensive use of the CWS/CMS system.

31. Defendant also oversees certain specialty areas. At the time of Mr. Forbes's internship, the independent living skills program ("ILS") was a specialized position, not a core program. Interns and staff in ILS did not work as much with CWS/CMS and did not participate in team decision-making meetings.

32. Mr. Forbes notified Defendant of his need for reasonable accommodations prior to the start of his internship.

33. After beginning his internship in Emergency Response, and throughout his internship with Defendant, Mr. Forbes continued to request reasonable accommodations for his disability. Defendant failed to accommodate Mr. Forbes, despite his ongoing requests.

34. For example, because Defendant's CWS/CMS database, which it used to track interactions with clients, was not formatted to work with the standard screen-access software that Mr. Forbes uses to obtain, input, and navigate online information, Mr. Forbes was never able to access it independently. This forced him to ask others to look up information on his behalf and to rely on Humboldt DHHS staff to manually enter information on his behalf.

35. Because of Mr. Forbes' disability, Defendant terminated him from the internship with Emergency Response. It did so because Mr. Forbes needed and sought reasonable accommodations.

36. As a result of Mr. Forbes' tenacity in pursuing a reversal of Defendant's decision to terminate him, Defendant reinstated him. It reinstated him, however, into an inferior internship in ILS, which—as a specialty area—made Mr. Forbes less hirable in the future.

37. Defendant took this adverse action even after it learned that the accommodations Mr. Forbes requested were possible.

38. On or about April of 2011, Humboldt DHHS told Mr. Forbes his accommodation request for accessing CWS/CMS had been approved, but he was then told the accommodation would not be provided because his internship was ending.

39. Failure to provide access to CWS/CMS disadvantaged Mr. Forbes both in his internship and in subsequent hiring.

40. At the end of his internship at Humboldt DHHS, Mr. Forbes began applying

to positions with Humboldt DHHS. He was highly ranked by a California state program that helps place social workers in appropriate positions.

41. In March 2011, Plaintiff applied for a job as a Social Worker IV with Humboldt DHHS.

42. At his interview in late April 2011, Mr. Forbes was given a written test and allowed to use a computer with the appropriate software to accommodate his disability.

43. Evaluators from that interview asserted that in assessing candidates for the position, selection criteria included having a driver's license of one's own, and the ability to use one's own vision to assess children and the homes in which they are placed or live.

44. These were not essential requirements for the position of Social Worker IV with Humboldt DHHS at the time of Plaintiff's March 2011 application. To the extent that access to transportation and assessment of children through observation were essential requirements for the position, Mr. Forbes could have performed these requirements with reasonable accommodation.

45. Defendant did not hire Mr. Forbes for this position. Instead, Defendant hired one or more less-qualified applicants, notifying Mr. Forbes by means of a letter dated October 27, 2011 that "another candidate was selected for this position."

46. Plaintiff applied for a second position in 2012 to work as a Social Worker IV with Humboldt DHHS.

47. On or around April 23, 2012, Mr. Forbes was given a written test as part of his interview. This time he was not allowed to use a computer with the appropriate software accommodations, nor was he given extra time. Instead, questions were read to him and he dictated his responses, some of which were not captured accurately.

48. One or more of the interviewers who interviewed Mr. Forbes for the position in 2012 had participated in Defendant's decisions in response to his accommodation

requests during his internship, including the decision to terminate him from an appropriate internship in the core program of Emergency Response.

49. Defendant was aware at the time that Mr. Forbes applied for the 2012 position that he had filed a 2011 Charge with the EEOC.

50. Candidates who applied for the Social Worker IV position in 2012 were ranked by interviewers. Defendant refused to rank Mr. Forbes following his April 23, 2012 interview.

51. Defendant refused to hire Mr. Forbes because of his disability.

52. Defendant additionally refused to hire Mr. Forbes because of his previous pursuit of reasonable accommodations and because of his filing of a Charge with the EEOC in 2011.

53. Defendant selected nine individuals for hire from the 2012 interview list. These included less-qualified individuals.

54. One of the nine selectees in 2012 was ranked five positions lower than Mr. Forbes in the Merit System Services Quality Appraisal Panel list. Candidates certified to this list become eligible for departmental interviews dependent upon ranking and number of vacancies.

55. On a post-interview ranking sheet that listed the names of both Mr. Forbes and the selectee ranked five positions lower than him on the Merit System Services Quality Appraisal Panel list, the selectee was ranked dead last among post-interview candidates given a ranking number. Mr. Forbes's name was listed in gray—the other names were in black—and, alone among the post-interview candidates, was not assigned a ranking number at all.

56. Because of Defendant's discriminatory treatment of Mr. Forbes in the interview process, Ms. Jones, an inferior candidate, and not Mr. Forbes, was selected for a position.

57. Mr. Forbes continued to apply for positions with the County until, in 2014, he was hired by the California Department of Rehabilitation.

58. From 2011 to 2014, Mr. Forbes suffered significant economic damages due to Defendant's discriminatory and retaliatory refusal to hire him.

59. Having been closed out of positions with Humboldt DHHS due to discrimination and retaliation, Mr. Forbes broadened his search to similar positions across the state. The position that he was able to obtain with the California Department of Rehabilitation in 2014 required that he move to San Diego. He was later able to transfer to another position with the California Department of Rehabilitation and moved back to his home in Eureka. However, these moves, which resulted from Defendant's discrimination, required him to incur significant expenses.

## VII.   FIRST CLAIM FOR RELIEF

**Disability-Based Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112 and 12113**

60. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

61. Plaintiff is a "qualified individual with a disability" as that term is defined by the ADA, 42 U.S.C. § 12111(8). He was able to perform the essential functions of the positions with Defendant for which he applied with or without reasonable accommodations.

62. The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to … the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4(a)(ii).

63. The ADA prohibits an employer from "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1); 29 C.F.R. § 1630.5.

64. The ADA prohibits an employer from "utilizing standards, criteria, or

methods of administration … that have the effect of discrimination on the basis of disability." 42 U.S.C. § 12112(b)(3)(A); 29 C.F.R. § 1630.7(a).

65. The ADA prohibits an employer from refusing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity" 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. §§ 1630.9(a), 1630.15(d).

66. The ADA prohibits an employer from "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B); 29 C.F.R. § 1630.9(b).

67. The ADA prohibits an employer from using "selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities" unless such criteria are shown to be job related and consistent with business necessity. 42 U.S.C. §§ 12112(b)(6), 12113(a); 29 C.F.R. §§ 1630.10(a), 1630.15(b)(1).

68. By terminating Mr. Forbes from an effective internship position and placing him into an inferior one that, as designed, made him less employable than other similarly situated interns without disabilities, Defendant discriminated against Plaintiff in regard to his hiring, advancement, or discharge by limiting and classifying him so as to adversely affect his employment opportunities because of his disability, in violation of the ADA.

69. Defendant's refusal, during Mr. Forbes's internship, to make reasonable accommodations to his known physical disability, without demonstration that making such accommodations would impose an undue hardship on the operation of its business, violates the ADA.

70. After his internship, and because of Mr. Forbes's disability, Defendant denied Mr. Forbes employment opportunities on two or more occasions, including in 2011 and 2012, because of its need to make reasonable accommodations, and its use of discriminatory and unnecessary selection criteria, in violation of the ADA.

71. In refusing to provide Mr. Forbes with reasonable accommodations when it required him to take a written exam as part of an interview, without demonstration of undue hardship, Defendant has failed to provide reasonable accommodations to an otherwise qualified applicant with a disability, and excluded him from employment opportunities based on his need for reasonable accommodations, in violation of the ADA.

72. In using the requirement of having a driver's license of one's own, and the ability to use one's own vision to assess children and the homes in which they are placed or live as selection criteria in the hiring process for the 2011 and 2012 positions for which Mr. Forbes applied, Defendant has utilized standards, criteria, or methods of administration that have a disparate impact on Plaintiff and other persons with disabilities and have the effect of denying employment to and discriminating against Plaintiff and other qualified blind applicants on the basis of disability, and have not been shown to be job-related, consistent with business necessity, and incapable of accomplishment with reasonable accommodation, in violation of the ADA.

73. As a proximate result of the unlawful acts alleged herein, Plaintiff Forbes has suffered injuries, including lost potential wages, moving expenses, and lost employment opportunities.

74. Plaintiff is informed and believes, and thereon alleges, that Defendant denies these allegations.

75. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant.

76. Plaintiff seeks and is entitled to compensatory damages, any lost benefits and

compensation, and attorneys' fees and costs.

## VIII. SECOND CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203(a)

77. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

78. Plaintiff filed a Charge with the EEOC in 2011 alleging Defendant has discriminated against him in violation of the Americans with Disabilities Act.

79. Defendant took an adverse employment action against Plaintiff by denying him a reasonable accommodation for a written exam during his interview, refusing to rank him during the interview, and by then refusing to hire him.

80. Defendant took these adverse employment actions because Plaintiff filed a Charge with the EEOC.

81. Such actions constitute violations of the Americans with Disabilities Act, 42 U.S.C. § 12203(a). *See also* 29 CFR § 1630.12.

82. As such, Plaintiff seeks and is entitled to compensatory damages, any lost benefits and compensation, and attorneys' fees and costs.

## IX. THIRD CLAIM FOR RELIEF

### Disability-based Discrimination and Retaliation in Violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940

83. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

84. Mr. Forbes is legally blind and as such is recognized as a person with a disability under California Government Code section 12926.

85. Defendant is an "employer" and a "person" under California Government Code sections 12925 and 12926.

86. Defendant's transfer of Mr. Forbes to an inferior internship program on the basis of his disability violated California Government Code section 12940(a).

87. Defendant's refusal to provide reasonable accommodations to Plaintiff,

including but not limited to refusing requests for accommodations during his internship and refusing when he took a written test as part of an interview, violated California Government Code section 12940(m)(1).

88. Defendant's lack of good-faith participation in the interactive process for determining a reasonable accommodation violated California Government Code section 12940(n).

89. Defendant's refusal to hire Plaintiff because of his disability on at least two occasions violated California Government Code section 12940(a).

90. Defendant's refusal to provide reasonable accommodations to Plaintiff while taking a written exam during an interview in retaliation for having previously sought reasonable accommodations violated California Government Code section 12940(m)(2).

91. Defendant's refusal to rank Plaintiff during the interview in retaliation for having previously sought reasonable accommodations violated California Government Code section 12940(m)(2).

92. Defendant's refusal to hire Plaintiff in retaliation for having previously sought reasonable accommodations violated California Government Code section 12940(m)(2).

93. Mr. Forbes is therefore entitled to compensatory damages, any lost benefits and compensation, and attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

## X.   RELIEF REQUESTED

Plaintiff prays for judgment as follows:

a. Compensatory damages against Defendant for harms suffered by Plaintiff as a result of violations of Title I of the ADA, 42 U.S.C. §§ 12112 and 12113;

b. Compensatory damages against Defendant for harms suffered by Plaintiff as a result of retaliation by Defendants against Plaintiff in violation of 42 U.S.C. § 12203(a);

1  c. Compensatory damages against Defendant for harms suffered by Plaintiff as a result of violations of the California FEHA, Cal. Gov't Code § 12940;

d. An award of Plaintiff's reasonable attorneys' fees and costs against Defendant; and

e. Such other and further relief as the Court deems just and proper.

DATED: September 2, 2019     Respectfully submitted,

TRE LEGAL PRACTICE


*/s/ Anna R. Levine*
Anna R. Levine
*Attorney for Plaintiff*

— 13 —
COMPLAINT